UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: HIGHER ONE ONEACCOUNT MARKETING
AND SALES PRACTICES LITIGATION                                   MDL No. 2407

TRANSFER ORDER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, common defendants Higher One Holdings, Inc. (Higher One) and The Bancorp Bank (Bancorp) move to centralize this litigation in any of the three districts in which the constituent actions are currently pending – the Middle District of Alabama, the District of Connecticut, or the Northern District of Mississippi. The motion encompasses the three actions listed on Schedule A.[1]

Defendant Wright Express Financial Services Corporation, which is a defendant only in the District of Connecticut action, supports the Section 1407 motion. Plaintiffs in all three actions also support the motion, but argue specifically for centralization in the District of Connecticut. Plaintiffs in a potential tag-along action pending in the Western District of Kentucky support centralization, but argue for selection of that district as transferee district. Plaintiffs in the other potential tag-along action, which is pending in the Southern District of Illinois, support centralization in any district in which a constituent or potential tag-along action is pending.

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share numerous factual issues arising from allegations of unfair and deceptive conduct in the marketing and fee policies of the Higher One OneAccount bank account – an account marketed to students at certain colleges and universities who receive partial refunds of their grant, scholarship, or student loan funds.[2] Centralization will eliminate duplicative discovery, prevent

---

[1] The Panel has been notified of two related federal actions, one in the Southern District of Illinois and the other in the Western District of Kentucky. Those actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiffs allege, *inter alia*, that Higher One improperly steers students to deposit their refunds into a OneAccount, and then charges excessive ATM and debit card fees that are neither adequately disclosed nor reasonably avoidable.

- 2 -

inconsistent pretrial rulings (on class certification[3] and other matters), and conserve the resources of the parties, their counsel, and the judiciary.

    We conclude that the District of Connecticut is an appropriate transferee district for pretrial proceedings in this litigation. Higher One is headquartered in that district, and thus relevant documents and witnesses are likely to be found there. In addition, Bancorp is headquartered in Delaware, which is relatively closer to the District of Connecticut than to either the Middle District of Alabama or the Northern District of Mississippi. Judge Vanessa L. Bryant, to whom we assign this docket, is already overseeing the constituent action pending in the District of Connecticut, and has the experience to steer this litigation on a prudent course.

    IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Connecticut are transferred to the District of Connecticut, and, with the consent of that court, assigned to the Honorable Vanessa L. Bryant for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

---

[3]     The three constituent actions are all putative class actions (one nationwide, one Mississippi-wide, and one Alabama-wide). The Western District of Kentucky potential tag-along action is a putative Kentucky-wide class action, and Southern District of Illinois potential tag-along action is a putative nationwide class action.

**IN RE: HIGHER ONE ONEACCOUNT MARKETING
AND SALES PRACTICES LITIGATION**          MDL No. 2407

## SCHEDULE A

<u>Middle District of Alabama</u>

John Brandon Kent, et al. v. Higher One Holdings, Inc., et al., C.A. No. 2:12-00712

<u>District of Connecticut</u>

Jeanette Price, et al. v. Higher One Holdings, Inc., et al., C.A. No. 3:12-01093

<u>Northern District of Mississippi</u>

Ashley B. Parker, et al. v. Higher One Holdings, Inc., et al., C.A. No. 1:12-00154