**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: HIGHER ONE ONEACCOUNT MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2407<br><br>CASE NO. 3:12-md-02407-VLB<br><br>January 11, 2013 |

**PLAINTIFFS' MOTION FOR APPOINTMENT OF**
**TYCKO & ZAVAREEI LLP AS INTERIM LEAD COUNSEL AND SETTING OF**
**DEADLINE FOR FILING OF CONSOLIDATED AMENDED COMPLAINT**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Jeanette Price, Kristine Krieg, Rhonda Hannibal, Brandi Crawford, Prince Kaywood, Gaynell Kaywood, Tarsha Crockett (the "*Price* Plaintiffs"); Ashley Parker, Bailey Bates, Rachel Hancock, and Anna Brooke Warren (the "*Parker* Plaintiffs"); John Brandon Kent and Brianne Elizabeth Kent (the "*Kent* Plaintiffs"); Jill Massey and Lee McWhorter (the "*Massey* Plaintiffs"); and Jonathan Lanham and Larry Forman (the "*Lanham* Plaintiffs") (collectively "Plaintiffs"), through undersigned counsel, respectfully request entry of an order appointing Tycko & Zavareei LLP ("Tycko & Zavareei") as interim lead counsel ("Proposed Interim Lead Counsel") in these proceedings and authorizing Proposed Interim Lead Counsel to establish a leadership structure, consisting of a Plaintiffs' Steering Committee ("PSC") comprised of Tycko & Zavareei; Shepherd, Finkelman, Miller & Shah, LLP ("SFMS"); Gentle Turner Sexton Debrosse & Harbison, Attorneys & Counselors At Law ("Gentle Turner"); and Jones Ward PLC ("Jones Ward"). The PSC will assist Proposed Interim Lead

Counsel in facilitating the efficient and orderly prosecution of this litigation on behalf of Plaintiffs and the putative classes.

In addition, Plaintiffs request entry of an order setting March 1, 2013 as the deadline for the filing of a consolidated amended complaint ("CAC") in this matter.  A CAC is necessary to put Defendants on notice of all the claims against them and to facilitate a full briefing and discovery schedule.

This motion is based on Plaintiffs' Incorporated Memorandum of Law in Support of Plaintiffs' Motion for Appointment of Tycko & Zavareei as Interim Lead Counsel and Setting of Deadline for Filing Consolidated Amended Complaint, the Declaration of Hassan A. Zavareei, the pleadings filed herein, and such other materials as may be presented to the Court.  A proposed order is attached to this motion as Exhibit A.

**MEMORANDUM OF LAW**

## I.      INTRODUCTION

On December 11, 2012, the United States Judicial Panel on Multidistrict Litigation ("JPML") transferred three actions pending in three different judicial districts to this Court.  Two other actions identified as "tag-along" actions have also been transferred to this Court.  In total, four actions have been consolidated into this action for all pretrial purposes.  *See* JPML 2407 D.E. 36 (Stipulation and Order Consolidating Cases).  In complex nationwide class actions such as this, the Federal Rules of Civil Procedure envision that the Court should implement a leadership structure during the early stages of the litigation to ensure the proceedings advance in an orderly, expeditious and cost-effective manner.

Indeed, the Advisory Committee's Notes to Rule 23(g) stress that the "selection and activity of class counsel are often critically important to the successful handling of the class action."  Fed. R. Civ. P. 23(g) (Notes of the Advisory Committee).

Pursuant to Fed. R. Civ. P. 23(g), the Plaintiffs in each of these actions seek appointment of some of their counsel as interim lead counsel, and others to a PSC.  Specifically, Plaintiffs move for Tycko & Zavareei to be appointed interim lead counsel in these proceedings and to authorize Proposed Interim Lead Counsel to establish a leadership structure, consisting of a PSC comprised of Tycko & Zavareei, SFMS, Gentle Turner, and Jones Ward.  Tycko & Zavareei has already assumed a *de facto* leadership role on the Plaintiffs' side, having spent months investigating the claims underlying these actions, as well as opposing Defendants' motions to dismiss and strike and beginning discussions regarding discovery.  The firms comprising the proposed PSC collectively have broad class action leadership experience, including, *inter alia*, in consumer protection and bank fee litigation.

Plaintiffs' counsel for every case currently centralized in this Court, including the firms listed above, as well as Rutledge, Davis and Harris, P.L.L.C., and Carey, Danis & Lowe Attorneys At Law, unanimously support the inclusive leadership structure proposed herein.  This leadership structure will, therefore, assist this Court in the orderly and efficient management of this litigation.

Plaintiffs also move for an order setting March 1, 2013 as the deadline for the filing of Consolidated Amended Complaint, which will place Defendants on

full notice of the claims against them and will dictate future discovery and briefing deadlines.

II.    PROCEDURAL BACKGROUND

On July 27, 2012, the *Price* Plaintiffs, by and through their counsel, Tycko & Zavareei and SFMS, filed an action in the United States District Court for the District of Connecticut against Defendants, Higher One Holdings, Inc., ("Higher One"), The Bancorp Bank, Urban Trust Bank[1] and Wright Express Financial Services, captioned *Price, et al. v. Higher One Holdings, Inc., et al.* (the *"Price* matter"). Based on allegations related to Higher One's deceptive marketing and bank fee assessment practices, the *Price* Plaintiffs brought claims under Connecticut General Statutes §§ 42-110a, *et seq.* ("CUTPA") and common law.

On October 28, 2012, Defendants filed both a motion to dismiss and a motion to strike class allegations in the *Price* complaint. The *Price* Plaintiffs, by and through their counsel, responded on November 19, 2012. Defendants filed a reply on December 10, 2012, and the motions are now fully briefed and ripe for decision.

On July 3, 2012, the *Parker* Plaintiffs, by and through their counsel, Gentle Turner and Rutledge, Davis and Harris, P.L.L.C., filed a complaint in the Northern District of Mississippi, captioned *Parker, et al. v. Higher One Holdings, Inc., et al.*, No. 3:12-cv-01788 (D. Conn.) (the "*Parker* matter"). In the *Parker* matter, Plaintiffs reiterated the allegations regarding Defendants' deceptive marketing and bank fee practices.

---

[1] On September 25, 2012, Defendant Urban Trust Bank was voluntarily dismissed without prejudice.

On August 17, 2012, the *Kent* Plaintiffs, by and through their counsel, Gentle Turner, filed a complaint in the Middle District of Alabama, captioned *Kent, et al. v. Higher One Holdings, Inc., et al.*, No. 2:12-cv-00712 (M.D. Al.) (the "*Kent* matter").  In the *Kent* matter, Plaintiffs reiterated the allegations regarding Defendants' deceptive marketing and bank fee practices.

On October 22, 2012, the *Lanham* Plaintiffs, by and through their counsel, Jones Ward, filed a complaint in the Western District of Kentucky, captioned *Lanham, et al. v. Higher One Holdings, Inc., et al.*, No. 3:12-cv-01811 (D. Conn.) (the "*Lanham* matter").  In the *Lanham* matter, Plaintiffs reiterated the allegations regarding Defendants' deceptive marketing and bank fee practices.

On November 2, 2012, the *Massey* Plaintiffs, by and through their counsel, Cary Danis & Lowe, Attorneys At Law, filed a complaint in the Southern District of Illinois, captioned *Massey, et al. v. Higher One Holdings, Inc., et al.*, No. 3:12-cv-01808 (D. Conn.) (the "*Massey* matter").  In the *Massey* matter, Plaintiffs reiterated the allegations regarding Defendants' deceptive marketing and bank fee practices.

On September 11, 2012, Defendants filed a motion for centralization with the JPML.  Defendants, however, did not take a position on the proper location for centralized proceedings.  On October 2, 2012, the *Price* Plaintiffs filed a brief with the JPML supporting MDL centralization, with consolidation and transfer of all cases to the District of Connecticut.  On December 11, 2012, the JPML ordered that the cases, including any future "tag-along" actions, be centralized for pretrial

matters in this Court.  The cases have now been transferred to this Court.[2]  MDL 2407 D.E. 6, 3, 4, 5, 7.

In light of the significant work performed by Tycko & Zavareei to date, the *de facto* leadership role Tycko & Zavareei has already assumed in these matters, and in accordance with the factors discussed fully below, the *Price* Plaintiffs, *Parker* Plaintiffs, *Kent* Plaintiffs, *Lanham* Plaintiffs, and *Massey* Plaintiffs now respectfully request that Tycko & Zavareei be named Interim Lead Counsel for the proposed classes.

III.    PROPOSED LEAD CLASS COUNSEL

Tycko & Zavareei has a proven track record of success in complex consumer class actions.  In just the last three years, Proposed Interim Lead Counsel has been appointed Class Counsel or Co-Class Counsel in cases that have netted over $250 million in settlements for affected class members. Declaration of Hassan Zavareei ("Zavareei Decl."), attached hereto as Exhibit B, ¶¶ 9-18.  Proposed Interim Lead Counsel has the experience, expertise, and resources necessary to effectively lead the litigation of these consolidated cases. Among other things, Tycko & Zavareei has represented plaintiffs in antitrust class actions, products liability class actions, employment class actions, and consumer deception class actions.

---

[2] An additional case, originally filed in Missouri state court, has been removed to federal court by Defendants and designated a "tag-along" action.  *See Aisha DeClue, individually and on behalf of all others similarly situated v. Higher One, Inc., The Bancorp Bank, Taylor Capital Group, Inc., and Wright Express Financial Corporation*, No. 4:12-cv-2361 (E.D. Mo.).  That case has not yet been transferred to this Court.

In addition to its general experience in class action litigation, Proposed Interim Lead Counsel has specific expertise in litigation against financial services entities, and has litigated (or is in the process of litigating) cases against over twenty financial services entities. *Id.*, ¶¶ 5-8. In those cases, Proposed Interim Lead Counsel has: (1) prevailed on numerous motions to dismiss; (2) conducted large and intensive fact discovery against financial institutions; (3) won contested class certification motions; and (4) attained preliminary and final approval of numerous complex class action settlements with financial institutions. *Id.*, ¶¶ 9-20.

For example, as Class Counsel in *Trombley v. National City Bank*, 1:10-cv-00232-JDB (D.D.C.), Tycko & Zavareei negotiated a settlement that made substantial benefits available to approximately 2.4 million Settlement Class Members. The settlement was given final approval by the Court. *Trombley v. Nat'l City Bank*, 826 F. Supp. 2d 179 (D.D.C. 2011) *appeal dismissed,* 11-7149, 2011 WL 6760320 (D.C. Cir. Dec. 22, 2011) and *case dismissed,* 12-7001, 2012 WL 556319 (D.C. Cir. Feb. 13, 2012). In granting final approval to the settlement, the Honorable Judge Bates noted that lead counsel had "served in that capacity in several national class actions and in other complex litigation" and was "experienced in litigating and resolving complex cases, including other class actions against banks involving their overdraft fee policies." *Trombley,* 826 F. Supp. 2d at 193.

The Tycko & Zavareei attorneys who will principally manage and oversee this litigation have the experience and knowledge necessary to represent the best

interests of the classes.  Hassan Zavareei is a member of the District of Columbia, Maryland and California bars, and has substantial experience handling complex civil litigation and class action litigation.  He has taken several cases to trial, including jury trials lasting several months.  He has argued appeals in both the D.C. Circuit and the Fifth Circuit.  Mr. Zavareei is a graduate of Boalt Hall Law School at the University of California, Berkeley.  He has been appointed as Class Counsel or co-Class Counsel in nine class actions.  Zavareei Decl., ¶ 2.  Mr. Zavareei is currently lead counsel in two putative class actions.  *Id.*, ¶  4.  In that capacity, he is directing and coordinating the work of several other law firms that serve as his co-counsel.  He is also co-counsel in numerous other putative class actions that have not yet attained class action status.  *Id.*

Jeffrey Kaliel is a member of the District of Columbia and California bars, and has significant experience handling class action litigation.  Mr. Kaliel is a graduate of Yale Law School and has been appointed as co-Class Counsel in three class actions. *Id.*, ¶ 3.

Tycko & Zavareei possess the experience and knowledge to litigate this action and will devote the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.  *Id.*, ¶ 22.

IV.    THE PROPOSED LEADERSHIP STRUCTURE IS IN THE BEST INTERESTS OF THE PUTATIVE CLASSES

Plaintiffs propose a leadership structure that brings a depth of experience and resources to the prosecution of this complex class action.  The leadership

structure will also provide this large litigation with manageability, lessening the burden on both this Court and Defendants.

    A.    *The Proposed Leadership Structure*

        1)    Interim Lead Counsel:

            Tycko & Zavareei LLP

        2)    A PSC consisting of:

- Tycko & Zavareei LLP;

- Shepherd, Finkelman, Miller & Shah, LLP;

- Gentle Turner Sexton Debrosse & Harbison, Attorneys & Counselors At Law; and

- Jones Ward PLC.

The resumes of each of these experienced and qualified firms are attached to the Zavareei Declaration hereto as Exhibits 1, 2, 3, and 4, respectively.

    B.    *The Benefits of the Proposed Structure*

This case's broad scope and inherent legal and factual complexity necessitate—even more than usual—a sound case management structure. The proposed leadership structure will best serve the interests of all Plaintiffs and the putative classes, which potentially include hundreds of thousands of members. This case may require the intricate application of federal financial aid statutes and regulations and state statutory and common law causes of action. Proposed Interim Lead Counsel and the proposed PSC are fully prepared to address those complexities. These firms stand ready to obtain potentially huge amounts of discovery demonstrating why Higher One and related Defendants adopted

particular financial aid disbursement practices, fee policies, and marketing communications.  In light of the difficult legal issues this case presents, and the vast amount of discovery, there is no room for any management inefficiency.

Higher One and related Defendants are represented by one of Connecticut's largest and most experienced defense firms; they are abundantly prepared to defend the case.  Discovery could involve hundreds of thousands of pages of documents, as well as multiple technical depositions, requiring knowledgeable and experienced lawyers, with the help of experts, paralegals and staff, to establish review protocols and to ensure proper document analysis in a relatively short time.  These tasks will entail substantial financial commitments that Proposed Interim Lead Counsel and the proposed PSC can make and will share.

Finally, the proposed leadership structure provides all litigants and this Court with the convenience of one Lead Counsel and a small steering committee. This structure simplifies decision-making and communications with the Court and Defendants.

C.    *Appointing Interim Lead Counsel is Appropriate Under Rule 23(g) and Will Protect the Interests of the Putative Plaintiff Class*

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides this Court the authority to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  The appointment of interim class counsel is necessary to protect the interests of class members because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting

any necessary discovery, moving for class certification, and negotiating

settlement."  Manual for Complex Litigation, Fourth (2004) ("MCL"), § 21.11.

Courts have applied the same factors that apply to the selection of class

counsel during a motion for class certification (that is, the standards set forth in

Fed. R. Civ. P. 23(g)(l)).  *See In re Air Cargo Shipping Serv. Antitrust Litig.*, 240

F.R.D. 56, 57 (E.D.N.Y. 2006) (looking to Rule 23(g)(1)(A) factors to select interim

class counsel); *In re LIBOR-Based Financial Instruments Antitrust Lilig.*, 2011 WL

5980198, at *2 (S.D.N.Y. Nov. 29, 2011) *reconsideration denied,* 11 MD 2262 NRB,

2012 WL 1890387 (S.D.N.Y. May 17, 2012) (the factors set forth for appointing

class counsel should also be considered when appointing interim class counsel).

Accordingly, the Court should consider the following factors:  (1) the work

counsel has done in identifying and investigating the claims; (2) counsel's

experience in handling class actions, other complex litigation, and the types of

claims asserted in the action; (3) counsel's knowledge of the applicable law; and

(4) the resources that counsel will commit to the litigation.  Fed. R. Civ. P.

23(g)(l)(A)(i)-(iv); *see also* MCL, § 21.271.  The Court may also consider "any other

matter pertinent to counsel's ability to fairly and adequately represent the

interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

Having worked to identify the claims at issue in this litigation, and armed

with the requisite experience and knowledge of the law, Proposed Interim Lead

Counsel and the proposed leadership structure fully satisfy each of these criteria.

1. **Counsel's Work to Identify or Investigate Potential Claims.**

A court considering appointment of lead counsel or interim class counsel should consider the work counsel has done in the case. *See, e.g., Harrington v. City of Albuquerque,* 222 F.R.D. 505, 520 (D.N.M. 2004) (appointing class counsel who had "done significant work in [the] case").  Here, Proposed Interim Lead Counsel began investigating these claims more than 18 months ago and has invested hundreds of hours to prosecute this litigation to date.  Indeed, Proposed Interim Lead Counsel spent many months investigating the potential legal claims and defenses even before filing the first class action on this issue in April, 2012.[3]  As the detailed Complaint in this case attests, Proposed Interim Lead Counsel has devoted a significant amount of time and resources researching federal financial aid law and regulation, as well as Higher One's actual practices.

While no one factor under Rule 23(g)(l) "should necessarily be determinative," the investigatory and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

Moore's Federal Practice, § 23.120[3][a] (3d. ed. 2007).

Here, the substantial work and investigation to date described above support the approval of Tycko & Zavareei as Lead Counsel.  In addition, since the

---

[3] That action, *McFall v. Higher One Holdings, Inc.*, 2:12-cv-05669-MMM-MRW (C.D. Cal.), has since been voluntarily dismissed.

commencement of this litigation, Proposed Interim Lead Counsel has communicated with hundreds of putative class members.  In addition, Proposed Interim Lead Counsel has worked to prepare and position this case for a rapidly-filed Consolidated Class Action Complaint, initial disclosures, and a proposed Discovery and Case Management Plan.  Proposed Interim Lead Counsel also successfully moved the JPML under 28 U.S.C. §1407 to transfer the cases to this Court.

Finally, Proposed Interim Lead Counsel has already responded to Defendants' Motion to Dismiss and Motion to Strike, and has started the process of coordinating discovery with counsel for Higher One and the other Defendants.

2.  **Counsel's Experience in Handling Class Actions, Other Complex Litigation and Claims of the Type Asserted in this Case.**

The discussion at Section III, as well as the firm resume attached as Exhibit 1 to the Zavareei Declaration, both demonstrate that Proposed Interim Lead Counsel has substantial successful experience in leading large and complex class actions.

Another substantial requirement of would-be leadership lawyers is a demonstrated willingness and ability to forge consensus and negotiate proper compromises in organizing leadership and allocating work.  Here, the proposed leadership structure has the unanimous support of all Plaintiffs' attorneys whose actions have been centralized before this Court by the JPML—a clear indication of Proposed Interim Lead Counsel's ability to forge consensus and compromise.

3.  <u>Counsel's Knowledge of Applicable Law.</u>

Through their direct and ongoing involvement in several cases regarding bank fees and electronic payments systems, Proposed Interim Lead Counsel is extremely well versed in the ins and outs of both statutory and common law claims against banks and financial services firms.  Proposed Interim Lead Counsel has gained great knowledge concerning the contours of various state consumer protection laws (including Connecticut state law), the particular difficulty and sensitivity in conducting discovery against large financial instructions, the process for determining class-wide damages, and the data needed to do so.  Proposed Interim Lead Counsel is well aware of the strategy and facts needed to craft a cohesive common class or classes.

4.  <u>Counsel Pledge Resources Properly to Represent the Class.</u>

Tycko & Zavareei, along with the proposed PSC, will devote the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative classes in this litigation.  Zavareei Decl., ¶ 21.  Work will be allocated at the correct levels to be done as competently, quickly and efficiently as possible. All of the proposed leadership firms represented have the personal, financial and technical resources to successfully handle this case.

V.  <u>CONCLUSION</u>

Based on the foregoing, and in the interests of managing the consolidated actions as efficiently and effectively as possible, Plaintiffs respectfully request that the Court adopt the proposed Case Management Order No. 1, naming Tycko

& Zavareei Interim Lead Counsel; naming Tycko & Zavareei, SFMS,  Gentle

Turner, and Jones Ward to a Plaintiffs' Steering Committee; and setting March 1,

2013 as the deadline for filing a CAC.

Dated: January 11, 2013.                    Respectfully Submitted,

By:    /s/ Hassan A. Zavareei              By:    /s/ Diandra Debrosse

Hassan A. Zavareei (pro hac vice)         Diandra Debrosse
hzavareei@tzlegal.com                     ddebrosse@gtandslaw.com
Jeffrey D. Kaliel (pro hac vice)          GENTLE TURNER SEXTON DEBROSSE &
jkaliel@tzlegal.com                       HARBISON
TYCKO & ZAVAREEI LLP                       501 Riverchase Parkway East
2000 L Street, N.W.                        Suite 100
Suite 808                                  Hoover, AL 35244
Washington, D.C. 20036                     Telephone: (205) 716-3000
Telephone: (202) 973-0900                  Facsimile: (205) 716-3010
Facsimile: (202) 973-0950

James E. Miller (ct21560)                 *Counsel for the Parker and Kent*
jmiller@sfmslaw.com                       *Plaintiffs*
Karen M. Leser-Grenon (ct23587)
kleser@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER & SHAH,
LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120

*Counsel for the Price Plaintiffs*

By:   /s/ Matthew Yarlbrough Harris

**Matthew Yarlbrough Harris**
mharris@rdhlaw.net
RUTLEDGE, DAVID AND HARRIS, PLLC
P.O. Drawer 29
New Albany, MS 38652
Telephone: (662) 534-6421
Facsimile: (662) 534-0053

*Counsel for the Parker Plaintiffs*


By:   /s/ Corey D. Sullivan

**Corey D. Sullivan**
csullivan@careydanis.com
Francis J. Casey Flynn, Jr.
casey@jefflowepc.com
John J. Carey
jcarey@careydanis.com
Tiffany M. Yiatras
tyiatras@careydanis.com
CAREY, DANIS & LOWE
8235 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
Telephone (314) 725-7700
Facsimile: (314) 721-0905

*Counsel for the Massey Plaintiffs*

By:   /s/ Jasper Ward

**Jasper Ward**
jasper@jonesward.com
Alex Davis
alex@jonesward.com
JONES WARD PLC
312 S Fourth Street
6th Floor
Louisville, KY 40202
Telephone (502) 882-6000
Facsimile: (502) 587-2007

*Counsel for the Lanham Plaintiffs*

16

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2013, a copy of the foregoing Plaintiffs' Motion for Appointment of Tycko & Zavareei LLP as Interim Lead Counsel and Setting of Deadline for Filing Consolidated Amended Complaint and Incorporated Memorandum of Law, including all exhibits thereto, was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Hassan A. Zavareei
Hassan A. Zavareei (pro hac vice)
hzavareei@tzlegal.com
TYCKO & ZAVAREEI LLP
2000 L Street, N.W.
Suite 808
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950