# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: HIGHER ONE ONEACCOUNT MARKETING
AND SALES PRACTICES LITIGATION**

    Aisha DeClue v. Higher One, Inc., et al.,
        E.D. Missouri, C.A. No. 4:12-02361          MDL No. 2407

## TRANSFER ORDER

**Before the Panel**:[*] Pursuant to Panel Rule 7.1, plaintiff in this action (*DeClue*) moves to vacate our order conditionally transferring the action to the District of Connecticut for inclusion in MDL No. 2407. Defendants Higher One, Inc. (Higher One), Taylor Capital Group, Inc., The Bancorp Bank, and Wright Express Financial Corporation oppose the motion.

In opposing transfer, plaintiff argues, *inter alia*, that federal jurisdiction is lacking, that the action involves unique Missouri law claims, and that some discovery will take place in Missouri. These arguments are not persuasive. The pendency of jurisdictional objections generally is not a sufficient reason to delay transfer,[1] and plaintiff can present those objections to the transferee judge. *See*, *e.g.*, *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). At least one other action already in the MDL alleges a violation of the same Missouri statute at issue in *DeClue*, and, as we have previously observed, transferee judges routinely apply the laws of multiple jurisdictions. *See In re: Glaceau VitaminWater Mktg. & Sales Practices Litig. (II)*, 764 F. Supp. 2d 1349, 1351 (J.P.M.L. 2011). Although some discovery in Missouri may be required, the bulk of discovery in this action is likely to take place in the transferee district, where defendant Higher One has its headquarters.

After considering all argument of counsel, we find that *DeClue* involves common questions of fact with actions in this litigation previously transferred to MDL No. 2407, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the District of Connecticut was an appropriate Section 1407 forum for actions "shar[ing] numerous factual issues arising from allegations of unfair and

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time in which to do so. Here, the Eastern District of Missouri court has stayed the action pending the Panel's decision on plaintiff's motion to vacate.

- 2 -

deceptive conduct in the marketing and fee policies of the Higher One OneAccount bank account – an account marketed to students at certain colleges and universities who receive partial refunds of their grant, scholarship, or student loan funds." *See In re Higher One OneAccount Mktg. & Sales Practices Litig.*, — F. Supp. 2d —, 2012 WL 6554438, at *1 (J.P.M.L. Dec. 11, 2012). A review of the *DeClue* complaint leaves no doubt that the action involves substantially the same issues as those already in the MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Connecticut, and, with the consent of that court, assigned to the Honorable Vanessa L. Bryant for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Paul G. Barbadoro
Marjorie O. Rendell              Charles R. Breyer
Lewis A. Kaplan