IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: HIGHER ONE ONEACCOUNT MARKETING AND SALES PRACTICES LITIGATION ) ) ) ) | No. 3:12-md-02407 (VLB)<br><br>June 2, 2014 |

_____

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT AGREEMENT, CERTIFYING THE SETTLEMENT CLASS
AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**
_____

The parties to the above-captioned action have agreed to settle the Litigation (the "Settlement") pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release (the "Settlement Agreement"). The parties reached the Settlement through arm's-length negotiations with the assistance of United States Magistrate Judge Garfinkel and Linda Singer, an experienced and well-respected mediator. Under the Settlement Agreement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge and release their claims in exchange for Defendants' payment of $15,000,000, inclusive of all attorneys' fees and costs, to create a common fund to benefit the Class. In addition, Defendants will separately pay all costs and fees associated with providing Notice to the Class and the costs and fees of Settlement administration that are provided for in the Settlement Agreement.

Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Settlement. Upon considering Plaintiffs' motion, supporting memorandum and all exhibits thereto, the Settlement Agreement, the record in these proceedings, the

representations, argument and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) for purposes of settlement only, the proposed Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representatives and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel, was reached with the assistance of experienced, highly-qualified mediators, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, Class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses and request for Class Representative Service Awards for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval to the Settlement and enter Judgment, and whether to grant Class Counsel's application for an award of attorneys' fees and expenses and request for Class Representative Service Awards for Plaintiffs; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be

approved.

Based on the foregoing, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this District.

**Provisional Class Certification and Appointment of Class Representatives and Class Counsel**

1. In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class –*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

2. The Court finds, for Settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, certifies the following Class for Settlement purposes:

All persons who opened a OneAccount between July 1, 2006 through August 2, 2012, and who incurred a OneAccount Fee during that period.

Excluded from the Class are Defendants, their subsidiaries, affiliates, parents, officers and directors, current and former employees, any entity in which

**Defendants have a controlling interest, governmental entities, and all judges assigned to hear any aspect of this case, as well as their immediate families. Also excluded is any person who, during the Class Period, released Defendants from liability concerning the claims in the Litigation.**

**3.     Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following subdivisions of Federal Rule of Civil Procedure 23:**

**(a)     Numerosity:  In this Action, millions of individuals, spread out across the country, are members of the proposed Class.  Their joinder is impracticable.  Thus, the Rule 23(a)(1) numerosity requirement is met.**

**(b)     Commonality:  The threshold for commonality under Rule 23(a)(2) is not high.  "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (citation omitted).  Here, the commonality requirement is readily satisfied.  There are multiple questions of law and fact, centering on Defendants' Class-wide policies and practices, that are common to the Class, that are alleged to have injured all Class Members in the same way, and that would generate common answers central to the viability of the claims were this case to proceed to trial.**

**(c)     Typicality:  The Plaintiffs' claims also are typical of the Class because they concern the same Higher One policies and practices, arise from the**

4

same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied.

(d) **Adequacy**: Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Litigation, and have dedicated substantial resources to the prosecution of these Actions. Moreover, Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in these Actions.

(e) **Predominance and Superiority**: Rule 23(b)(3) is satisfied as well because the common legal and factual issues here predominate over individualized issues, and resolution of the common issues for the Settlement Class Members in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. The predominance requirement is satisfied here because common questions present a significant aspect of the case and can be resolved for all Settlement Class Members in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual Settlement Class Members. For example, the relationship between each Settlement Class Member and Higher One is governed by a substantially uniform account agreement. Moreover, each Settlement Class Member's claims arise from the same Higher One policies and practices, as well as the same legal theories.

5

4. In addition, the Court preliminarily finds that by not objecting to the certification of the settlement Class for settlement purposes and by taking other steps to negotiate, execute, and implement the Settlement Agreement, Defendants have not waived any arguments that they have or may have to opposing class certification absent this Settlement Agreement. If the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement, the Court will fully disregard and not consider any act relating to the negotiation, execution, or implementation of the Settlement Agreement, certification of the Settlement Class for settlement purposes only, or Defendants' lack of objection to Plaintiffs' class certification motion when deciding any class certification issues.

5. The Court appoints the following persons as class representatives: Brandi Crawford, Tarsha Crockett, Aisha DeClue, Larry Forman, Rhonda Hannibal, Prince Kaywood, Gaynell Kaywood, John Brandon Kent, Brianne Elizabeth Kent, Kristen Krieg, Jonathan Lanham, Ashley Parker, and Jeanette Price.

6. The Court appoints the following firms as Class Counsel: Tycko & Zavareei, LLP, Shepherd, Finkelman, Miller, & Shah, LLP, Gentle Turner Sexton Debrosse & Harbison, and JonesWard PLC.

## Preliminary Approval of the Settlement

7. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg § 11.26. Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See*

6

*Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

8. The Court preliminarily approves the Settlement as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and was reached with the assistance of two well-qualified and experienced mediators. The Court further finds that the Settlement is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of Preliminary Approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement Agreement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Judgment.

9. Defendants shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed Settlement.

**Approval of Notice and Notice Program and Direction to Effectuate Notice**

10. The Court approves the form and content of Notice, substantially in the forms attached as Exhibits 1, 2, 3, and 4 to the Unopposed Motion for Preliminary Approval. The Court further finds that the notice program, described in Paragraphs 39-52 of the Settlement Agreement, is the best practicable under the circumstances. The notice program is reasonably calculated under the

7

circumstances to apprise the Class of the pendency of the Litigation, class certification, the terms of the Settlement, Class Counsel's application for attorneys' fees and expenses and request for Service Awards for Class Representatives, and their rights to opt-out of the Class and object to the Settlement.  The Notice and notice program constitute sufficient notice to all persons entitled to notice.  The Notice and notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

11. The Court directs that Rust Consulting act as the Settlement Administrator.

12. The Settlement Administrator shall implement the Notice Program, as set forth below and in the Settlement Agreement, using substantially the forms of Notice attached as Exhibits 1, 2, 3 and 4 to the Unopposed Motion for Preliminary Approval and approved by this Order.  Notice shall be provided to the Class Members pursuant to the notice program, as specified in Paragraphs 39-52 of the Settlement Agreement and approved by this Order.  The notice program shall include E-mailed Notice, Mailed Notice, Published Notice, and Long-form Notice on the Settlement Website, as set forth in the Settlement Agreement and below.

13. All costs associated with the Notice Program shall be paid solely by Higher One, as set forth in the Settlement Agreement.

*E-Mailed Notice*

14. The Settlement Administrator will e-mail the E-mail Notice to each Settlement Class Member at the e-mail address identified in Higher One's

8

records. The Settlement Administrator will take steps to prevent the E-mailed Notices from being treated as spam by Internet Service Providers. Should the Settlement Administrator learn (through an e-mail bounceback or otherwise) that the e-mail address in Higher One's records is invalid, then the Settlement Administrator will mail a Mailed Notice to that Class Member, as discussed below.

15. Each E-mail Notice will contain link to a pre-populated claim form on the Settlement Website, where Class Members will have the opportunity to update address and email information if necessary.

16. E-mail Notices shall be delivered by no later than 30 days from the date of Preliminary Approval.

*Mailed Notice*

17. For each Class Member where an attempted E-mailed Notice is returned or bounces back as undeliverable, the Settlement Administrator will mail, via first-class mail postcard, a Mailed Notice to each Class Member at the address identified in Defendants' records.  Before mailing postcards, the Settlement Administrator will verify and update the mailing addresses received through the United Postal Service's National Change of Address database.

18. The Settlement Administrator will perform reasonable address traces for all postcards that are returned as undeliverable.  No later than 35 days from the Initial Mailed Notice date, the Settlement Administrator will complete the re-mailing of Mailed Notice postcards to those Class Members whose original mailed postcards were returned as undeliverable and whose new addresses were identified as of that time through address traces.  The Mailed Notice Program (which is comprised of both the Initial Mailed Notice, and the Notice Re-mailing

9

Process) shall be completed no later than 60 days after the date of Preliminary Approval.

19. Each mailed Notice will be accompanied by a pre-populated, tear-off Claim Form.

*Other Notice Efforts*

20. The Settlement Administrator shall publish notice via search engine sponsored search results and advertising on Facebook.

21. The Settlement Administrator shall establish and maintain a Settlement Website, which will explain the Settlement, give answers to frequently asked questions, allow for the electronic submission of Claims, describe the Settlement payment distribution process, and provide links to the Long Form Notice, this Agreement, and other court documents, including the complaints filed in the Litigation.

22. The Settlement Administrator shall establish and maintain an automated toll-free telephone line for Class Members to call with Settlement-related inquiries, and certain live telephone support to answer the questions of Class Members who call with or otherwise communicate such inquiries.

23. These other notice efforts shall be completed no later than 30 days after the date of Preliminary Approval.

### Final Approval Hearing, Opt-Outs, and Objections

24. The Court directs that a Final Approval Hearing shall be scheduled for __November 24__, 2014, at __9__ : __30__ am          , to assist the Court in determining whether to grant Final Approval to the Settlement and enter Judgment, and whether Class Counsel's application for attorneys' fees and expenses and

10

**request for Service Awards for Class Representatives should be granted.**

**25.     The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Long-form Notice at any time before the Opt-Out Deadline.  To be valid and timely, opt-out requests must be postmarked on or before the last day of the Opt-Out Deadline and mailed to the address indicated in the Long-Form Notice, and must include the words "opt out," "exclusion," or words to that effect clearly indicating an intent not to participate in the Settlement and setting forth the Settlement Class Member's name, address, and telephone number.**

**26.     All persons within the Settlement Class definition who do not timely and validly opt-out of the Settlement Class shall be bound by the terms of the Settlement.**

**27.     The Court further directs that any person in the Settlement Class who does not timely and validly opt-out of the Settlement Class may object to the Settlement, Class Counsel's application for attorneys' fees and expenses and/or the request for Service Awards for Plaintiffs.  Any such objections to the Settlement or to the application for fees, costs, expenses, and Class Representative Service Awards must be mailed to the Clerk of the Court, Class Counsel, and Defendants' counsel no later than the Objection Deadline, as specified in the Notice.  For an objection to be considered by the Court, the objection, as stated in the Long-Form Notice, must also set forth:**

a) **the name of the Litigation;**

b) **the objector's full name, address and telephone number;**

11

c) an explanation of the basis upon which the objector claims to be a Class Member or otherwise asserts standing to object;

d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, and the caption of each case in which the objector has made such objection;

f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, and the caption of each case in which the counsel or the firm has made such objection;

h) any and all non-privileged agreements that relate to the objection or the process of objecting—whether written or verbal—between objector or objector's counsel and any other person or entity;

i) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

j) a list of all persons, including, if applicable, the objector himself, who will be called to testify at the Final Approval Hearing in

12

  **support of the objection; and**

  k)  **the signature of the objector or his/her attorney**.

<u>**Further Papers In Support Of Settlement and Fee Application**</u>

  28. **Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their application for attorneys' fees and expenses and request for Service Awards for Plaintiffs, no later than 45 days prior to the Final Approval Hearing.**

**Effect of Failure to Approve the Settlement**

  29. **In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:**

  (a) **All Orders and findings entered in connection with the Settlement, including the certification of a class, shall become null and void and have no further force and effect, shall not be used or referred to by the parties or the Court or by any member of the putative class for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding; and**

  (b) **Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiffs on any point of fact or law.**

<u>**Stay/Bar Of Other Proceedings**</u>

  30. **All proceedings in the Litigation are stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement.**

  31. **Based on the foregoing, the Court sets the following schedule for the**

**Final Approval Hearing and the actions which must precede it:**

| Event | Days From Preliminary Approval Order | Date |
|---|---|---|
| **Higher One Transfers $15,000,000 to Settlement Fund** | **9 Days** | June 12, 2014 |
| **Email Notice Complete** | **30 Days** | July 3, 2014 |
| **Mailed Notice Complete** | **60 Days** | August 2, 2014 |
| **Opt-Out Deadline** | **105 Days** | September 16, 2014 |
| **Deadline to Submit Objections** | **105 Days** | September 16, 2014 |
| **Motion for Final Approval** | **124 Days** | October 6, 2014 |
| **Final Fairness Hearing** | **170 Days** | November 24, 2014 |

DONE AND ORDERED at the United States Courthouse in Hartford, Connecticut this 2nd day of June, 2014.

/s/
_____
**VANESSA BRYANT
UNITED STATES DISTRICT JUDGE
DISTRICT OF CONNECTICUT**

14